UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BATESVILLE CASKET COMPANY, LLC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-cv-01679-SEB-TAB |
| ) | |
| RYAN ACKERMAN, ) | |
| ) | |
| Defendant. ) | |
| ————————————————) | |
| ) | |
| RYAN ACKERMAN, ) | |
| ) | |
| Counter Claimant, ) | |
| ) | |
| v. ) | |
| ) | |
| BATESVILLE CASKET COMPANY, LLC., ) | |
| ) | |
| Counter Defendant. ) | |

**ORDER DENYING WITHOUT PREJUDICE JOINT MOTION FOR ENTRY OF
AGREED INJUNCTION**

This matter is before the Court on the parties' Joint Motion for Entry of Agreed

Injunction, dkt. 49, filed on July 10, 2024. Plaintiff Batesville Casket Company, LLC

("Batesville Casket") brought this action against former employee Defendant Ryan Acker-

man ("Mr. Ackerman") for violations of the Indiana Uniform Trade Secrets Act ("IUTSA"),

I.C. § 24-2-3-1, *et seq.*, as well as for breach of contract, unfair competition, unjust enrich-

ment, and conversion. Batesville Casket's claims arise out of Mr. Ackerman's departure and

alleged theft and misappropriation of Batesville Casket's trade secrets and confidential

1

information. Following a settlement conference conducted by the Magistrate Judge, the parties agreed to a proposed injunction, which they now request that the Court enter.

Before turning to the parties' joint motion, we note that the Federal Rules of Civil Procedure authorize parties to settle active litigation matters in three ways. First, a plaintiff may voluntarily dismiss a civil action by filing a stipulation of dismissal signed by all parties who have appeared, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Such dismissal is of right and effectively deprives the Court of jurisdiction when filed. *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 624 (7th Cir. 2007). Stipulations of dismissal "provide litigants with a flexible tool to negotiate their disputes" and enter into settlement agreements, which thereafter may be enforced as a contract between the parties. *United States for use of Tri-City Elec. Co. of Iowa v. Alacran/O & SJV, LLC*, No. 4:11-CV-04109-SLD-JEH, 2014 WL 5473138, at *1 (C.D. Ill. Oct. 29, 2014). Second, a plaintiff may unilaterally move the Court to dismiss its claims (usually without prejudice), pursuant to Federal Rule of Civil Procedure 41(a)(2). Rule 41(a)(2) dismissal is not automatic, instead requiring the Court to determine whether good cause exists to grant the plaintiff's motion. Third, the parties may request the Court to enter a consent decree that reflects an agreement to conclude their litigation. "A consent decree is a court order that embodies the terms agreed upon by the parties as a compromise to litigation." *United States v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002). Consent decrees—sometimes called "stipulated judgments" or "consent judgments"—commit the court to "continued supervision of the terms of a contract, which any party to the contract may enforce by returning to the court and initiating contempt proceedings." *Metro. Life Ins. Co. v. Hanni*, 1:17-CV-80-TLS, 2017 WL

2

6805318, at *2 (N.D. Ind. Sept. 14, 2017) (citing *Kasper v. Bd. of Election Comm'rs of the City of Chi.*, 814 F.2d 332, 338 (7th Cir. 1987)). Unlike stipulated dismissals under Rule 41(a)(1)(A)(ii), consent decrees operate as final judgments on the merits. *United States v. Fisher*, 864 F.2d 434, 439 (7th Cir. 1988).

Here, the parties request that the Court enter their "Agreed Injunction," according to which Mr. Ackerman is enjoined from directly or indirectly soliciting business with certain Batesville Casket customers, as enumerated in a "Restricted Customers List" confidentially exchanged between the parties; contacting Batesville Casket employees "for the purpose of facilitating, assisting, or encouraging them to terminate their employment"; and disclosing to any third party non-public information that he acquired in the course of his prior employment with Batesville Casket. Dkt. 49-1 at 1–2. The Agreed Injunction further stipulates that it "shall not constitute or be construed as an admission, acknowledgment, or concession of liability" by Mr. Ackerman. *Id.* at 3. The Agreed Injunction expires on June 30, 2025. Despite the title of "Agreed Injunction," the parties are essentially requesting the entry of a consent decree that embodies the terms of their settlement agreement.[1]

Because a "federal court is more than a recorder of contracts from whom private parties may purchase injunctions," *Kasper*, 814 F.2d at 338, "litigants wishing the Court to

---

[1] *See Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002) ("Settlement agreements that contain equitable terms, an injunction for example, will usually be embodied in a consent decree so that the judge will have continuing jurisdiction to enforce their terms."); *D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455, 460 (7th Cir. 1993) ("[A] settlement agreement is nothing more than a contract; the imprimatur of an injunction is required to render it a consent decree enforceable through contempt); *Lopez-Aguilar v. Marion Cnty. Sheriff's Dep't*, 296 F. Supp. 3d 959, 968 (S.D. Ind. 2017) ("There is no apparent distinction between a 'stipulated judgment,' on the one hand, and what is called a 'consent decree' or a 'consent judgment,' on the other.").

3

issue a consent [decree] must argue why the [decree] should issue, and cannot expect the Court unreflexively to endorse their agreement with the full authority of the federal judiciary," *Hanni*, 2017 WL 6805318, at *2.

"[A] consent decree must spring from and serve to resolve a dispute within the court's subject-matter jurisdiction," meaning that "the consent decree must 'come within the general scope of the case made by the pleadings.' " *Local No. 93*, *Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986) (quoting *Pacific R. Co. v. Ketchum*, 101 U.S. 289, 297 (1880)). Additionally, "the judge must satisfy [her]self that the decree is consistent with the Constitution and laws [and] does not undermine the rightful interests of third parties." *State v. City of Chicago*, 912 F.3d 979, 987 (7th Cir. 2019) (quoting *Kasper*, 814 F.2d at 338). Because consent decrees require the district court to commit time, attention, and resources to supervising a private settlement agreement, it must be shown that the consent decree will entail "an appropriate commitment of the court's limited resources." *Id.* Finally, the court must conclude that the consent decree is "fair, adequate, reasonable, and appropriate under the particular facts and that there has been valid consent by the concerned parties." *Bass v. Fed. Sav. & Loan Ins. Corp.*, 698 F.2d 328, 330 (7th Cir. 1983); *see also E.E.O.C. v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985).

Unfortunately, the parties' Joint Motion for Entry of Agreed Injunction fails to address any of the relevant factors or otherwise articulate a single justification for the Court's exercise of equitable relief. Furthermore, the parties do not disclose whether their Agreed Injunction is intended as partial or final resolution of their dispute and whether (or what) matters remain pending. *See Sec. & Exch. Comm'n v. New*, No. 1:18-cv-03975-SEB-MJD,

4

2019 WL 483710, at *2 (S.D. Ind. Feb. 7, 2019) (discussing partial final judgments in the context of a proposed consent judgment).

For the foregoing reasons, the Joint Motion for Entry of Agreed Injunction, dkt. 49, is **DENIED without prejudice**. The parties are granted leave to file an amended motion within thirty (30) days of the date of this Order that properly addresses their entitlement to the entry of an agreed injunction. Alternatively, the parties may file a Stipulation of Dismissal with prejudice, in which case the Court would not retain jurisdiction to enforce the parties' settlement (but such settlement would thereafter be enforceable as a contract).

IT IS SO ORDERED.

Date: _____8/6/2024_____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

John R. Bauer
Lawson & Weitzen, LLC
jbauer@lawson-weitzen.com

John A. Drake
Ogletree Deakins
john.drake@ogletreedeakins.com

Anthony Simonton, Jr.
Ogletree Deakins Nash Smoak & Stewart
anthony.simonton@ogletree.com

Chad J. Sullivan
JACKSON KELLY PLLC
cjsullivan@jacksonkelly.com