UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BATESVILLE CASKET COMPANY, LLC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-01679-SEB-TAB |
| | ) | |
| RYAN ACKERMAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| RYAN ACKERMAN, | ) | |
| | ) | |
| Counter Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BATESVILLE CASKET COMPANY, LLC., | ) | |
| | ) | |
| Counter Defendant. | ) | |

**ORDER GRANTING JOINT MOTION FOR ENTRY OF AGREED INJUNCTION**

Plaintiff/Counter-Defendant Batesville Casket Company, LLC ("Batesville Casket") and Defendant/Counter-Claimant Ryan Ackerman ("Mr. Ackerman") jointly move for the entry of their Agreed Injunction and Stipulation of Dismissal with Prejudice. Dkt. 53. For the reasons explained below, the parties' motion is **GRANTED**.

**I.    BACKGROUND**

Batesville Casket brought this action against Mr. Ackerman, its former employee, for violations of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1832, *et seq.*, and the Indiana Uniform Trade Secrets Act ("IUTSA"), I.C. § 24-2-3-1, *et seq.*, as well as for

1

breach of contract, unfair competition, unjust enrichment, and conversion. Batesville Casket's claims arise out of Mr. Ackerman's departure and alleged theft and misappropriation of Batesville Casket's trade secrets and confidential information. Following a settlement conference conducted by the Magistrate Judge, the parties agreed to a proposed injunction.

On August 6, 2024, we denied the parties' first joint motion for entry of their Agreed Injunction without prejudice for their failure to address or otherwise articulate any justification for the Court's exercise of equitable relief. On September 5, 2024, the parties filed a renewed motion for the entry of their Agreed Injunction.

As we summarized in our prior order, the parties' "Agreed Injunction" enjoins Mr. Ackerman from directly or indirectly soliciting business with certain Batesville Casket customers, as enumerated in a "Restricted Customers List" confidentially exchanged between the parties; contacting Batesville Casket employees "for the purpose of facilitating, assisting, or encouraging them to terminate their employment"; and disclosing to any third party non-public information that he acquired in the course of his prior employment with Batesville Casket. Dkt. 53-1 at 1–2. The terms of the Agreed Injunction expire on June 30, 2025. The parties further stipulate to the dismissal of all claims and counterclaims with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Dkt. 53-2.[1]

---

[1] Although dismissal with prejudice "terminat[es] federal jurisdiction," district courts retain "the inherent power" to enforce injunctions through contempt proceedings. *Shapo v. Engle*, 463 F.3d 641, 643 (7th Cir. 2006).

## II. LEGAL ANALYSIS

Before approving parties' proposed consent decrees,[2] courts must undertake and ensure that the proposed decree is "fair, adequate, reasonable, and appropriate under the particular facts and that there has been valid consent by the concerned parties." *Bass v. Fed. Sav. & Loan Ins. Corp.*, 698 F.2d 328, 330 (7th Cir. 1983); *see also E.E.O.C. v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985). In so doing, the court must determine that the consent decree "spring[s] from and serve[s] to resolve a dispute within the court's subject-matter jurisdiction" and "come[s] within the general scope of the case made by the pleadings." *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986) (quoting *Pacific R. Co. v. Ketchum*, 101 U.S. 289, 297 (1880)). Additionally, "the judge must satisfy [her]self that the decree is consistent with the Constitution and laws, does not undermine the rightful interests of third parties, and is an appropriate commitment of the court's limited resources." *State v. City of Chicago*, 912 F.3d 979, 987–88 (7th Cir. 2019) (quoting *Kasper v. Bd. of Election Comm'rs of the City of Chi.*, 814 F.2d 332, 338 (7th Cir. 1987)).

Turning to the case at bar, we conclude that the Agreed Injunction is fair, adequate, and reasonable. All concerned parties have signed the Agreed Injunction and thus have validly consented to the terms contained therein. The Agreed Injunction also springs from and resolves a dispute within this Court's subject-matter jurisdiction. More specifically, this lawsuit arises out of alleged violations of the DTSA and the IUTSA. This Court has federal-

---

[2] The parties agree that their Agreed Injunction is essentially a consent decree that embodies the terms of their settlement agreement.

question jurisdiction over the DTSA claim, 28 U.S.C. § 1331, and supplemental jurisdiction over the related state-law claims, *id.* § 1367. The Agreed Injunction comes within the general scope of the case set forth in the operative complaint, as the remedies mirror the relief sought by Batesville Casket in its operative complaint. Additionally, the Agreed Injunction imposes measures—such as limiting Mr. Ackerman's ability to solicit certain customers and barring him from disclosing confidential information obtained from his prior employment with Batesville Casket—to prevent future violations of state and federal law, thus furthering those laws' objectives.

  These findings also support our conclusion that the Agreed Injunction is consistent with the Constitution and laws and does not undermine the interests of any third parties. The equitable remedies provided in the Agreed Injunction pertain solely to Mr. Ackerman's conduct only insofar as such conduct implicates Batesville Casket's interests in protecting its confidential information and trade secrets. To the extent that the Agreed Injunction affects the interests of Mr. Ackerman's current employer, the parties inform us that this employer "was a full participate" in the settlement conference and agreed to the terms of the settlement. Dkt. 53 at 6.

  The Agreed Injunction also reflects an appropriate commitment of limited judicial resources, as the alternative is resumption of litigation and Batesville Casket's renewal of its motion for a preliminary injunction. The Agreed Injunction, by contrast, resolves the parties' dispute in its entirety. The Agreed Injunction reflects the agreement of all parties, represented by counsel, and was a material component of the settlement agreement brokered by the Magistrate Judge. *See* dkt. 46.

## CONCLUSION

For the reasons explained above, the Agreed Injunction is **APPROVED**. The Joint Motion for Entry of Agreed Injunction and Joint Stipulation of Dismissal with Prejudice is **GRANTED**. Dkt. 53. Judgment consistent with this ruling shall issue separately.

The Joint Motion for Extension of Time, dkt. 52, is **DENIED** as moot.

IT IS SO ORDERED.

Date: 10/2/2024

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

John R. Bauer
Lawson & Weitzen, LLC
jbauer@lawson-weitzen.com

John A. Drake
Ogletree Deakins
john.drake@ogletreedeakins.com

Anthony Simonton, Jr.
Ogletree Deakins Nash Smoak & Stewart
anthony.simonton@ogletree.com

Chad J. Sullivan
Jackson Kelly PLLC
cjsullivan@jacksonkelly.com